[Cite as *Render v. Lebanon Correctional Inst.*, 2011-Ohio-2493.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DAVID RENDER

     Plaintiff

     v.

LEBANON CORRECTIONAL INST.

     Defendant

     Case No. 2010-09361-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

{¶ 1} "1)   Plaintiff, David Render, an inmate formerly incarcerated at defendant, Lebanon Correctional Institution (LeCI), filed this action alleging his personal property was stolen as a proximate cause of negligence on the part of LeCI personnel.  Plaintiff explained he was transferred to an isolation unit from the LeCI general population at approximately 5:29 p.m. on April 26, 2009 and was escorted back to his cell at 11:40 p.m. on that same day to pack his personal property.  According to plaintiff, when he returned to his cell to pack his property he discovered his radio, headphones, CD player, eight CDs, lamp, adapter, and hot pot were missing.  Plaintiff asserted his property items were stolen due to the fact LeCI employee, Officer Brown, failed to secure his cell door when he was escorted to isolation, thereby facilitating a theft. Additionally, plaintiff claimed LeCI staff refused to conduct any search after he reported the theft of his property.  Plaintiff maintained his property was stolen and unrecovered as a result of defendant's negligence and he has consequently filed this complaint seeking to recover $142.98, the estimated value of his alleged stolen property.

Payment of the filing fee was waived.

**{¶ 2}** "2) Defendant asserted plaintiff has failed to offer any evidence to prove his property was stolen and unrecovered as a result of any negligent act or omission on the part of LeCI staff. Defendant specifically denied plaintiff's cell door was unsecured when he was initially transferred to a segregation unit on April 26, 2009. Defendant explained plaintiff's property was initially packed, inventoried, and delivered to the LeCI property room by LeCI employee, Officer Cook. According to defendant, plaintiff was subsequently escorted to the LeCI property room where he was permitted to review his "Inmate Property Record" listing property items that had been packed by Officer Cook. Defendant advised plaintiff signed the "Inmate Property Record" acknowledging it as a complete and accurate inventory of all his property. Apparently, none of the items plaintiff claimed in his complaint were listed on the "Inmate Property Record." Defendant chose to not supply this court with a copy of any inventory of plaintiff's property. Defendant maintained plaintiff made no complaint regarding missing property when he examined and signed the "Inmate Property Record" on April 26, 2009.

**{¶ 3}** "3) Plaintiff filed a response stating he discovered "his Super-3 radio, CL-20 headphones, C-D player, Adapter AC universal, Lap, 8 C.D's and his Hot pot was missing from his belongings on 5-13-2009." Plaintiff reasserted defendant failed to secure his cell door after 5:29 p.m. on April 26, 2009; thereby facilitating the theft of the mentioned property items. Plaintiff admitted he signed his "Inmate Property Record" on April 26, 2009 at 11:49 p.m. acknowledging the document contained a complete and accurate inventory of his property. Plaintiff contended defendant should bear liability for the loss of his property since no LeCI personnel conducted any search for the property when he reported the theft.

## CONCLUSIONS OF LAW

**{¶ 4}** 1) In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

**{¶ 5}** 2) "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ."

*Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

**{¶ 6}** 3)    Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

**{¶ 7}** 4)    This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

**{¶ 8}** 5)    Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

**{¶ 9}** 6)    Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

**{¶ 10}** 7)    In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim.  If his evidence furnishes a basis for only a guess, among different possibilities, as to any essential issue in the case, he fails to sustain the burden as to such issue. *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

**{¶ 11}** 8)    The allegation that a theft may have occurred is insufficient to show defendant's negligence. *Williams v. Southern Ohio Correctional Facility* (1985), 83-07091-AD; *Custom v. Southern Ohio Correctional Facility* (1986), 84-02425.  Plaintiff must show defendant breached a duty of ordinary or reasonable care. *Williams.*

**{¶ 12}** 9)    Defendant is not responsible for thefts committed by inmates unless an agency relationship is shown or it is shown that defendant was negligent. *Walker v. Southern Ohio Correctional Facility* (1978), 78-0217-AD.

**{¶ 13}** 10)    Defendant, when it retains control over whether an inmate's cell door is to be open or closed, owes a duty of reasonable care to inmates who are exclusively forced to store their possession in the cell while they are absent from the cell. *Smith v.*

*Rehabilitation and Correction* (1978), 77-0440-AD.

**{¶ 14}** 11)   However, in the instant claim, plaintiff has failed to prove defendant negligently or intentionally unlocked his cell door, and therefore, no liability shall attach to defendant as a result of any theft based on this contention.  *Carrithers v. Southern Ohio Correctional Facility* (2002), 2001-09079-AD.

**{¶ 15}** 12)   The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact.  *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus.  The court is free to believe or disbelieve, all or any part of each witness's testimony.  *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548.  The court does not find plaintiff's assertions particularly persuasive in reference to any theft of his property actually took place.  The trier of fact does not believe plaintiff's assertions regarding a property theft on April 26, 2009.

**{¶ 16}** 13)   Plaintiff may show defendant breached its duty of reasonable care by providing evidence of an unreasonable delay in packing inmate property.  *Springer v. Marion Correctional Institution* (1981), 81-05202-AD.

**{¶ 17}** 14)   In the instant claim, plaintiff has failed to prove any delay in packing his property resulted in any property theft.  *Stevens v. Warren Correctional Institution* (2000), 2000-05142-AD; *Knowlton v. Noble Corr. Inst.*, Ct. of Cl. No. 2005-06678-AD, 2005-Ohio-4328.

**{¶ 18}** 15)   Generally, defendant has a duty to conduct a search for plaintiff's property within a reasonable time after being notified of the theft.  *Phillips v. Columbus Correctional Facility* (1981), 79-0132-AD; *Russell v. Warren Correctional Inst.* (1999), 98-03305-AD.

**{¶ 19}** 16)   However, a search is not always necessary.   In *Copeland v. Department of Rehabilitation and Correction* (1985), 85-03638-AD, the court held that defendant had no duty to search for missing property if the nature of the property is such that it is indistinguishable and cannot be traced to plaintiff.  In the instant case, many of the property items claimed were indistinguishable and, therefore, no duty to search arose.  *Wallace v. Grafton Corr. Inst.*, Ct. of Cl. No. 2009-01743, 2009-Ohio-5741.  Furthermore, no duty to search arises under circumstances where an inmate plaintiff can not establish a theft actually occurred.

**{¶ 20}** 17)  Plaintiff has failed to prove, by a preponderance of the evidence, any of his property was stolen as a proximate result of any negligent conduct attributable to defendant.  *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DAVID RENDER

    Plaintiff

    v.

LEBANON CORRECTIONAL INST.

    Defendant

    Case No. 2010-09361-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk


Entry cc:

David Render, #519-510            Gregory C. Trout, Chief Counsel
P.O. Box 45699                    Department of Rehabilitation
Lucasville, Ohio  45699           and Correction
                                  770 West Broad Street
                                  Columbus, Ohio  43222

RDK/laa
2/9
Filed 2/24/11
Sent to S.C. reporter 5/16/11